IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| II-VI, INCORPORATED,<br>a Pennsylvania Corporation, | ) <br> ) <br> ) | Civil Action No. 00-1794<br>Related to CA 98-1297<br>JUDGE STANDISH |
| Plaintiff, | ) <br> ) | MAGISTRATE JUDGE MITCHELL |
| vs. | ) <br> ) | |
| SAINT-GOBAIN INDUSTRIAL<br>CERAMICS, INC.,<br>a Delaware Corporation, dba BICRON, | ) <br> ) <br> ) <br> ) | **DEFENDANT'S OBJECTIONS TO**<br>**PLAINTIFF'S BILL OF COSTS** |
| Defendant. | ) | |

Defendant, Saint-Gobain Industrial Ceramics, Inc. d/b/a Bicron ("Bicron") respectfully serves these objections to the Bill of Costs filed by plaintiff, II-VI. Review of cost applications should be relatively simple and noncontroversial. As it has throughout this litigation, however, plaintiff once again has flaunted the local rules[1], and submitted a bill of costs consisting almost entirely of expenses not recompensable pursuant to the local rules and practices. Plaintiff also has failed to adequately identify the purposes for which individual costs were incurred, precluding any meaningful review of its cost application. As II-VI bears the burden of showing that the expenses were reasonable and necessary to the case, that failure provides a basis for denying most of plaintiff's requested costs. Finally, because plaintiff's costs application is so exaggerated and prolix, it has once again vexatiously multiplied these proceedings, requiring the Court and defendant's counsel to expend dozens of hours more reviewing it than a proper

---

[1] Contrary to the Judge's instructions, II-VI prematurely filed both its bill of costs and its (subsequently mooted) request for attorney's fees while Bicron's JMOL was still pending.

application would have required. Based on the local rules and practices, defendant believes that almost all of the costs for which plaintiff has applied should be denied.[2]

To assist the clerk in reviewing plaintiff's application, defendant has attempted to duplicate the graphical presentation of individual costs utilized by plaintiff, together with notations identifying the costs to which defendant objects and the bases for the objection (if it is not apparent from the description).[3]  See Exhibit A attached hereto.

## ANALYSIS OF PLAINTIFF'S INDIVIDUAL COST CATEGORIES

### I.  FILING FEES

1a.   The $40.00 fee for *pro hac vice* admission to this Court for II-VI's out-of-state counsel is not recoverable.

1b.   Except for the $150.00 fee incurred by plaintiff for filing the original complaint in San Diego, defendant objects to all of the other costs requested by plaintiff in this category. Fees paid by an out-of-state lawyer to be admitted *pro hac vice* are not recoverable costs. Messenger fees incurred in the filing of individual pleadings with the Court also are not recoverable costs, being for the convenience of the lawyer and considered to be part of the normal overhead of the practice of law.

---

[2]   Because possibly proper costs often have been combined with clearly improper costs on the invoices provided by II-VI, it is difficult to evaluate plaintiff's cost application. Moreover, some wasted costs that plaintiff caused defendant to incur (*e.g.*, depositions of experts withdrawn by plaintiff, depositions in Grenoble at which plaintiff failed to appear) should be offset against whatever costs the Court deems allowable.

[3]   While defendant has tried to be accurate, the Court should rely on its own calculations in determining allowable costs as it is possible that arithmetic or typographical errors exist in defendant's chart.

2

## II. DEPOSITION AND COURT REPORTING SERVICES

### A. Court Reporter Fees For Deposition Transcripts Necessarily Obtained For Use In The Case

Plaintiff has requested reimbursement for virtually every penny expended relating to depositions taken in this case. In this district, however, only those depositions of witnesses who actually testified at trial are compensable. Plaintiff also has requested clearly unrecompensable fees such as photocopying, ASCII disks, miniscripts, extra copies, late payment charges and premiums for same day transcripts.[4]

Defendant objects to the award of any costs relating to the depositions of Mr. Sarkka and Mr. Owen, plaintiff's expert witnesses who plaintiff decided not to use as expert witnesses shortly before the scheduled hearing on defendant's motions in *limine* to exclude their testimony.

Deposition transcripts of Mr. Gleason, one of plaintiff's expert witnesses whose testimony was precluded in full after defendant moved to exclude it based on the untenability of the damage theory he was espousing under the applicable law should not be compensable.

Deposition transcripts of Chris Bickel, another of plaintiff's proposed expert witnesses whose testimony was excluded by the Court in total should not be compensable. The cancellation fee for the deposition at which Mr. Bickel did not appear obviously is not compensable.

---

[4] Defendant's counsel has estimated what the premiums are for same day or rush service after talking with the court reporters.

Pursuant to the Hague Convention, Plaintiff noticed the depositions of 6 employees of the French Atomic Energy Commission National Laboratory ("LETI") and then failed to appear in Grenoble, France for the scheduled depositions. Costs of those depositions should not be compensable. Pursuant to Fed. R. Civ. P. 30(g), defendant believes that it should be reimbursed for all of the costs that it incurred relating to its attendance in Grenoble for the depositions noticed by plaintiff that it did not attend.

The depositions of Scott Cameron, Carr Lane Quackenbush, Henry Chen, Csaba Rosa, Al Rybicki, Patrick Doty, Bernard Schaub, David Knuteson, Boris Apotovsky, Digirad Corp., David Larson, John Crowe, Kevin Parnham and Czaba Szeles were not used at trial and should not be compensable.

II-VI put in for reimbursement for the transcripts of E. Raiskin depositions held 10/26/99 ($3858.65) and 12/09/99 (938.35) twice. See invoice on 1/10/00. Videotaping costs should not be refundable if transcripts were obtained and used at trial as Dr. Raiskin's transcript was.

**B.   Costs of Pre-Trial Hearings**

Costs of transcripts of the hearings on Bicron's motions *in limine* to exclude plaintiff's expert witnesses should not be compensable because II-VI lost those motions and two of its expert witnesses (Mr. Bickel and Mr. Gleason) were excluded. Two other experts of II-VI withdrew after defendant moved to exclude their testimony but before the hearing on the motion *in limine* was held.

Another of II-VI's damages experts, Mr. Mack, was precluded from testifying on one of the two theories he had intended to present (future lost profits) which he had opined entitled II-

4

VI to $30-40 million in damages. The Court also severely limited his testimony on the other topic, unjust enrichment, and excluded several items he had intended to include, which required him to submit a revised expert report. In the revised report, Mr. Mack reduced the amount of damages to which he claimed II-VI was entitled from $10-$16 million to $1.2 million. The Third Circuit rejected II-VI's appeal in these issues. Therefore, no costs relating to the motions in *limine* hearings should be recoverable by II-VI because it was not the prevailing party in those motions.

Plaintiff also is not entitled to reimbursement of costs for transcripts of the hearings on Bicron's motion to define the trade secret (which were combined with the motions *in limine*) because the Court rejected the broad definition proposed by II-VI. The Third Circuit also rejected II-VI's appeal on this issue. Therefore, II-VI was not the prevailing party with regard to that motion either and costs relating to it should not be awarded to II-VI.

C.      **Costs For Trial Transcript**

Defendant objects to the requested transcript costs because they were not requested by the Court. To the extent that the Court believes some of those costs are allowable, defendant further objects to paying for the increased costs incurred for obtaining same day copies of the transcripts, extra copies, ASCII disks, etc. Those costs are for the convenience of counsel and should not be compensable.

Should the Court determine that II-VI should be awarded some costs for depositions and court reporting services, defendant believes the amount should be reduced by the amount of costs unnecessarily incurred due to plaintiff's unnecessary multiplication of the proceedings.[5]

### III.    WITNESS FEES

Defendant objects to the travel and living expenses for Cary Mack and Kelvin Lynn. Dr. Lynn testified for three days. To accommodate his schedule, he flew home for one day and returned to complete his testimony. He also did not use the most economical airfare. Based on fares presently available, defendant believes $700.00 for one roundtrip flight from Pittsburgh to Pullman, Washington is reasonable. See e.g., www.northwest.com; www.travelocity.com. Dr. Lynn also did not provide proper receipts for his food and lodging. Defendant believes the standard GSA per diem allowance for Pittsburgh of $125/day for 5 days is fair, for a total of $1325.00 costs for Dr. Lynn. Mr. Mack flew coach to Pittsburgh on one trip ($380) but first class on his second trip. Defendant objects to paying for a first class ticket. His food and lodging were properly documented, but he put in for an extra day.

### IV.    DOCUMENT COPYING SERVICES

Defendant objects to the entirety of plaintiff's request for costs relating to document copying services. Plaintiff has sought reimbursement for virtually the entirety of its expenditures relating to obtaining copies of documents from the inception of this case. It is well established in this district that only copies of documents actually introduced at trial or requested by the Court are compensable. Defendant further objects because, while plaintiff has included invoices documenting the amounts of money expended in its numerous copying tasks, it has failed to

---

[5]    For purposes of this offset, defendant would accept the costs requested by plaintiff relating to the unnecessary depositions.

identify with specificity the particular documents being copied, thus precluding any analysis of whether such copies were necessarily obtained or, in fact, used in the case at all. Defendant further objects because plaintiff has included within its document copying costs, costs incurred for rush handling, binding, extra copies, covers, tabs, velopunching, blow-ups and for having documents scanned so that a digital database of documents could be created and used by plaintiff's counsel. Such costs plainly are incurred solely for the convenience of counsel and should not be compensable.

## V.    COMPENSATION OF INTERPRETATORS AND COSTS AND SPECIAL INTERPRETATION SERVICES UNDER 28 U.S.C. § 1828

Defendant objects to the costs sought by plaintiff for fees incurred in having an outside firm prepare letters rogatory in proper form pursuant to the Hague Convention. Such costs plainly are a normal part of practicing law and are not compensable. Defendant further notes that those costs were inflated because plaintiff delayed until the deadline for discovery had almost passed before commencing the process which, as any lawyer knows, can take months to complete, and therefore incurred rush charges with regard to all of those documents. The documents also were prepared more than once because of mistakes made by plaintiff's counsel in their preparation. As previously noted, costs relating to preparation and translation of deposition notices for the LETI employees should be denied and all expenses Bicron incurred should be awarded to defendant (as an offset to costs awarded) pursuant to Fed. R. Civ. P. 30 (g)(1) for the deposition scheduled for two days in Grenoble, France which five witnesses, their counsel, defendant's counsel, translator and corporate representative attended but which plaintiff's counsel did not.

7

Defendant objects to costs of translations of French documents that were not preauthorized by the Court and/or not utilized at the trial. Defendant further object to the costs of translation services relating to the depositions of Eric Virey and Bernard Schaub because they were not used at trial.[6] Plaintiff further objects to compensating plaintiff for any travel expenses incurred by it for bringing its own court reporter to France from America. Competent court reporters plainly are available in France. Defendant also objects to paying a premium for "rush" translation services. Defendant objects to the translations of Spanish and Albanian documents which have nothing to do with this case.

## VI.  TRIAL COSTS

Defendant objects to the entirety of plaintiff's requested trial costs because plaintiff has failed to itemize with particularity what the costs were incurred for, and, therefore, did not meet its burden of demonstrating that the costs were reasonable and necessarily obtained for trial. Furthermore, such costs are part of the normal overhead of practicing law. Moreover, it is improper for plaintiff to seek compensation for the costs incurred in hiring consultants to assist it in the preparation of demonstrative exhibits, particularly with regard to exhibits that were not used at trial.

---

[6]  Defendant notes that plaintiff failed to pay any fees to the French witnesses employed by Bicron's sister company Crismatec in compensation for the time and expenses they incurred in taking off time from work to attend the depositions. Their costs were particularly onerous as the witnesses lived and worked near Paris but plaintiff held the depositions at the U.S. Consul's Office in Marseilles. Customary practice as well as statute requires plaintiff to pay non-party witnesses' reasonable travel costs and per diem.

## CONCLUSION

Plaintiff has requested a total of $236,167.99 in costs. It should be awarded no costs whatsoever. To the extent that the clerk or the Court believes that some costs should be awarded, defendant has attempted to graphically set forth its objections on a section by section basis corresponding to plaintiff's application. Defendant also believes that any award of costs should be reduced by the amount of costs that plaintiff's vexatious multiplication of the proceedings caused both parties to incur as well as those costs that plaintiff should have paid the non-party witnesses but did not.

Dated: October 6, 2005

Respectfully submitted,

*[signature]*

Edward M. Reisner
Morgan, Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178
(212) 309-2135

Attorneys for Defendant
Saint-Gobain Industrial
Ceramics, Inc.

II-VI Inc. v. Saint-Gobain Industrial Ceramics, Inc., d/b/a Bicron
Civil Action No. 00-'794 – Related to CA 98-1297

## SUMMARY OF DEFENDANT'S COST OBJECTIONS

| Exh. | Date | Asked | Possible | Objected To | Purpose (Objections) |
|---|---|---|---|---|---|
| 1a. | 10/25/00 | $ 40.00 | | $ 40.00 | Filing *pro hac vice* for Landuyt |
| 1b. | 8/20/98 | $ 150.00 | $ 150.00 | | Original Filing Fee |
| | 9/29/98 | 35.00 | | | Messenger |
| | 10/21/98 | 35.00 | | | Messenger |
| | 11/20/98 | 20.00 | | $ 20.00 | *Pro Hac*/library card for Hankle |
| | 11/23/98 | 60.00 | | $ 60.00 | *Pro Hac* – Messenger Service Bill |
| | 12/10/98 | 35.00 | | $ 667.00 | Messenger Service Bill |
| | 11/19/99 | 35.00 | | / | Messenger Service Bill |
| | 11/22/99 | 95.00 | | / | Messenger Service Bill |
| | 1/28/00 | 50.00 | | / | Messenger Service Bill |
| | 2/29/00 | 70.00 | | / | Messenger Service Bill |
| | 3/30/00 | 51.00 | | / | Messenger Service Bill |
| | 5/05/00 | 35.00 | | / | Messenger Service Bill |
| | 5/9/00 | 35.00 | | / | Messenger Service Bill |
| | 5/22/00 | 78.00 | | / | Messenger Service Bill |
| | 5/25/00 | 49.00 | | / | Messenger Service Bill |
| | 6/5/00 | 29.00 | | / | Messenger Service Bill |
| | 7/3/00 | 35.00 | | / | Messenger Service Bill |
| 2a. | 10/8/99 | $ 622.80 | $ 536.40 | 86.40 | Eisler Dep. – Vol. 1 & 2<br>Photostats |
| | 10/15/99 | $ 400.00 | | 400.00 | Grenoble Depositions |
| | 10/21/99 | $ 596.60 | 552.60 | 44.00 | Glick Dep. – Vols. 1 & 2<br>ASCII and Photostats |
| | 11/2/99 | $ 552.78 | 397.80 | 154.90 | Cameron Deposition<br>ASCII and photostats |
| | 11/4/99 | $ 526.60 | 460.80 | 65.80 | Johnson Deposition<br>ASCII and photostats |
| | 11/9/99 | $ 1,712.67 | 1,472.85 | 239.82 | Ulbrich Deposition<br>Reporter Attendance and Exhibits Photocopies |

1-NY/1957075.2

| Exh. | Date | Asked | Possible | Objected To | Purpose (Objections) |
|---|---|---|---|---|---|
| | 12/7/99 | $ 596.25 | | 401.19 | Crowe Deposition (not used at trial) |
| | | | | 171.50 | Reporter Attendance |
| | | | | 5.85 | Delivery Charge |
| | | | | 17.71 | Late payment charge |
| | 12/22/99 | $ 695.20 | | 212.40 | Parnham Deposition (not used at trial) |
| | | | | 171.00 | Szeles Deposition (not used at trial) |
| | | | 99.00 | | Eissler Dep. Vol. 3 |
| | | | 172.80 | | Johnson Dep. Vol. 2 |
| | 7/31/00 | $ 1,026.20 | | 40.00 | 4 ASCII discs |
| | | | | 1,026.20 | Sarkka and Gleason Depositions (excluded testimony not used at trial) (includes realtime and disks) |
| | 2/5/03 | $ 30.00 | | 30.00 | Cancelled Bickel Deposition |
| | 3/4/03 | $ 17.44 | | 17.44 | Transcript Motion in Limine Hearing |
| | 3/6/03 | $ 1,200.00 | | 1,200.00 | Motion in Limine Hearing Transcript (II-VI not prevailing party, not used at trial) |
| | 3/27/03 | $ 136.64 | | 136.64 | Motion in Limine Hearing Transcript (II-VI not prevailing party, not used at trial) (includes ACSII) |
| | 4/28/03 | $ 1,281.40 | | 1,281.40 | Motion in Limine Hearing Transcript(II-VI not prevailing party, not used at trial) |
| | 7/10/03 | $ 456.62 | 260.70 | 285.52 | (ASCII), (extra copy) (same day premium) |
| | 7/18/03 | $ 4,313.00 | 2,412.30 | 900.70 | Pre-trial motion in limine transcript (II-VI not prevailing party, not used in trial) |
| | 7/25/03 | $ 3,173.22 | 1,811.70 | 1,361.78 | partial trial transcript[1] |
| | 8/1/03 | $ 4,369.68 | 2,494.80 | 1,874.88 | partial trial transcript[1] |
| | 8/6/03 | $ 235.98 | | 235.98 | pre-trial hearing transcript |
| | 8/6/03 | $ 478.60 | 351.00 | 117.60 | partial trial transcript[1] |
| | 8/11/03 | $ 4,589.32 | 2,620.20 | 1,969.12 | Lynn trans. (ASCII and photostat) |
| | 8/13/03 | $ 774.70 | 442.20 | 232.50 | partial trial transcript[1] |
| | 8/20/03 | $ 705.16 | 201.30 | 503.46 | partial trial transcript[1] (also twice what II-VI paid) |
| | 8/21/03 | $ 585.40 | 273.00 | | Glick Deposition |

[1] When counsel split costs, as here, the reporter adds $.83 to normal rate of $3.30 per page' daily copy premiums is $3.30 per page (double for daily copy), miniscripts additional $1.10 per page (double for daily copy).

1-NY/1957075.2

2

| Exh. | Date | Asked | Possible | Objected To | Purpose (Objections) |
|---|---|---|---|---|---|
| 2b. | 8/26/03 | 92.90 | 179.40 | 123.00 | Mack Deposition (ASC11 Disks) |
| | 8/27/99 | $ 2,735.00 | 62.90 | 30.50 | Musika Deposition (Attendance fee and courier) |
| | | | | $ 2,735.00 | (Transcript of different trial that plaintiff's counsel conducted in 95-CV-0665R (S.D. CAL) |
| | 8/28/99 | 475.00 | | 475.00 | (Unidentified transcript of proceedings in 95-CV-0665R also $190.00 for ACSII |
| | 10/26/99 | 3,932.80 | 2,794.92 | 185.88 70.00 882.00 | Transcript Mayhugh deposition (Late payment charge delivery charge reporter attendance fee) |
| | 10/26/99 | 3,858.65 | 3,000.00 | 858.65 | E. Raiskin Deposition Transcript (extra copy)[2] |
| | 10/27/99 | 2,840.00 | | 2,840.00 | Videotape of E. Raiskin Deposition (Duplicative) (not used at trial) |
| | 11/03/99 | 1,067.10 | | 1,067.10 | Deposition transcripts of Henry Chen and Csaba Rosa – (not used at trial) |
| | 11/10/99 | 1,920.21 | | 1,920.21 | Deposition of Carr Lane Quackenbash – (not used at trial) |
| | 11/19/99 | 400.00 | | 400.00 | Counsel fee for unidentified depositions in France (ordinary business expense not used at trial) |
| | 12/14/99 | 550.00 | | 550.00 | Videotape deposition of E. Raiskin (duplicate and not used at trial) |
| | 12/09/99 | 938.35 | 500.00 | 438.35 | deposition transcript of E. Raiskin – (extra copy)[2] |
| | 1/04/00 | 2,227.60 | 1,535.77 | 66.23 20.00 539.00 | Mayhugh depositions (3 days) (late payment fee delivery fee, reporter attendance fee) (attempted double billing for Raiskin deposition |
| | 1/10/00 | 4,797.00 | | 4,797.00 | transcripts)(from 10/26/99 and 12/09/99) Patrick Doty deposition I transcript (not used at trial) |
| | 1/12/00 | 453.60 | | 453.60 | Al Rybicki deposition transcript (not used at trial) |
| | 1/13/00 | 1,720.80 | | 1,720.00 | Phil Corvo deposition transcript (not used at trial) |
| | 1/13/00 | 864.00 | | 864.00 | Patrick Doty deposition II – (not used at trial) |
| | 1/13/00 | 388.90 | | 388.90 | Deposition transcripts |

---

[2] Because no breakdown given, defendant objects to the costs for the extra copy (estimated).

| Exh. | Date | Asked | Possible | Objected To | Purpose (Objections) |
|---|---|---|---|---|---|
| | 2/25/00 | 5,114.80 | | | reporter attendance fees |
| | | | | 882.00 | late payment fee |
| | | | | 92.19 | David Knuteson Deposition transcript[3] – not used at trial |
| | | | | 615.60 | Bernard Schaub Deposition transcript[3] – not used at trial |
| | | | | 494.10 | (25% premium for realtime) |
| | | | 439.16 | | Eric DuLoisy deposition transcript[3] (25% real time premium) |
| | | | | 108.54 | Eric Virey deposition transcript[3] – (not used at trial) |
| | | | | 538.65 | reporter travel expenses to France[3] |
| | | | | 1,984.00 | delivery charge |
| | 4/25/00 | 1,214.15 | | 57.75 | Boris Apotovsky deposition II transcript – not used at trial |
| | | | | 1,214.15 | (also exhibit charge, computer interface binding, indexing) |
| | 4/25/00 | 1,169.25 | | 1,169.25 | Boris Apotovsky Deposition I – not used at trial (and other objections as above) |
| | 9/12/00 | 604.10 | 604.10 | | Kelvin Lynn Deposition II |
| | 9/14/00 | 1,103.85 | 551.93 | 551.92 | Cary Mack Deposition (half testimony was excluded) |
| | 9/20/00 | 1,104.60 | | 1,104.60 | Cole-Owen Deposition (Expert withdrawn by plaintiff) |
| | 9/20/00 | 702.30 | 702.30 | | Kelvin Lynn Deposition I |
| | 9/21/00 | 3,585.00 | | 3,585.00 | Videotape depositing of Jack Butler – duplicative |
| | 9/30/00 | 2,113.05 | 2,113.05 | | Jack Butler deposition transcript III |
| | 9/30/00 | 1,843.35 | 1,843.35 | | Jack Butler deposition transcript II |
| | 9/30/00 | 1,511.95 | 1,511.95 | | Jack Butler deposition transcript I |
| | 10/3/00 | 2,489.12 | | 2,489.12 | David Larson deposition I witness not used (also daily copy, miniscript photocopying, exhibits, clearly copy, delivery, binding) |
| | 10/5/00 | 2,380.87 | | 2,380.87 | David Larson deposition II – not used (see also other objections above) |
| | 10/10/00 | 2,145.30 | 442.00 | 1,703.30 | Terry Musika deposition I (daily copy premium & Fedex) |
| | 10/10/00 | 1,148.85 | 232.00 | 916.85 | Terry Musika deposition II (daily copy premium & Fedex) |
| | 10/12/00 | 1,778.35 | | 1,778.80 | David Larsen deposition III – not used (also daily copy |

---

[3] The Schaub, DuLoisy and Virey Depositions were held in Marseilles, France.

1-NY/1957075.2                                                    4

| Exh. | Date | Asked | Possible | Objected To | Purpose (Objections) |
|---|---|---|---|---|---|
| | 2/11/03 | 1,688.80 | | 1,688.80 | premium) David Larson IV (see section above) |
| | 7/29/03 | 1,220.30 | | 1,220.30 | Chris Bickel Deposition I & II (Transcripts not used at trial also realtime) ASCII and Fedex |
| | 7/29/03 | 875.00 | | 875.00 | Conference room rental (Normal office overhead) |
| 3a. | 7/03-8/03 | $ 120.00 | $ 120.00 | | Kelvin Lynn-Attendance-3 days (7/28, 7/29, 8/1) |
| | 7/03-8/03 | 80.00 | 80.00 | | Cary Mack-Attendance-3 days (7/30, 7/31, 8/8) |
| | 7/03-8/03 | 7,649.31 | 1,325.00 | 6,324.31 | Kelvin Lynn (Travel from Pullman, WA to Pittsburgh, PA-backup documents exceeded reasonable fare) |
| | 7/03-8/03 | 3,297.72 | 1,258.80 | 2,078.92 | (Cary Mack Travel from San Diego, CA to Pittsburgh, PA at $380 RT x 2 = 760 + $498.80 lodging from 7/29-7/31) |
| 3b. | 9/14/99 | $ 46.30 | 46.30 | | E. Raiskin |
| | 10/20/99 | 92.60 | 92.60 | | E. Raiskin |
| | 10/20/99 | 58.60 | | 58.60 | Carr Lane Quackenbush (not used at trial) |
| | 1/10/00 | 46.20 | 46.20 | | E. Raiskin |
| | 3/14/00 | 50.17 | | 50.17 | Digirad Carp (not used at trial) |
| | 3/29/00 | 50.17 | | 50.17 | B. Apotovsky (not used at trial) |
| 4a. | 3/21/2000 | $ 29.19 | | $ 29.19 | (no identification of documents copied; normal office overhead; also improperly includes color copies, punch and binding, tabs, glass litigation, heavy litigation; premium oversize, labor/hand time velopunch, blow up/mount) |
| | 4/3/2000 | 112.64 | | 112.64 | |
| | 5/5/2000 | 35.04 | | 35.04 | |
| | 5/31/2000 | 576.05 | | 576.05 | |
| | 6/12/2000 | 34.38 | | 34.38 | |
| | 6/14/00 | 5,857.03 | | 5,857.03 | |
| | 7/3/2000 | 437.03 | | 437.03 | |
| | 7/5/2000 | 720.61 | | 720.61 | |
| | 1/16/01 | 495.54 | | 495.54 | |
| | 7/18/2001 | 215.17 | | 215.17 | |
| | 7/19/2001 | 703.61 | | 703.61 | |
| | 8/9/2001 | 1,089.44 | | 1,089.44 | |
| | 8/13/2001 | 81.57 | | 81.57 | |
| | 8/15/2001 | 95.34 | | 95.34 | |
| | 8/16/2001 | 95.34 | | 95.34 | (also includes $10,945.03 in-house copying charges at Sherrard German & Kelly not identified on II-IV's exhibits) |
| | 8/20/2001 | 115.75 | | 115.75 | |
| | 8/31/2001 | 121.82 | | 121.82 | |

| Exh. | Date | Asked | Possible | Objected To | Purpose (Objections) |
|---|---|---|---|---|---|
| | 9/10/2001 | 135.64 | | 135.64 | |
| | 11/16/2001 | 159.95 | | 159.95 | |
| | 12/21/2001 | 205.56 | | 205.56 | |
| | 3/12/02 | 60.25 | | 60.25 | |
| | 10/31/2002 | 479.00 | | 479.00 | |
| | 12/23/2002 | 137.88 | | 137.88 | |
| | 4/7/03 | 3.75 | | 3.75 | |
| | 4/22/2003 | 12.71 | | 12.71 | |
| | 7/7/2003 | 4,641.93 | | 4,641.93 | |
| | 7/8/2003 | 2,417.24 | | 2,417.24 | |
| | 7/10/2003 | 5,971.24 | | 5,971.24 | |
| | 7/21/2003 | 473.05 | | 473.05 | |
| | 7/22/2003 | 63.19 | | 63.19 | |
| | 7/22/2003 | 65.81 | | 65.81 | |
| | 7/28/2003 | 205.44 | | 205.44 | |
| | 7/31/2003 | 20.06 | | 20.06 | |
| | 8/4/2003 | 141.94 | | 141.94 | |
| | 8/4/2003 | 316.23 | | 316.23 | |
| | 8/5/2003 | 402.81 | | 402.81 | |
| | 8/5/2003 | 71.45 | | 71.45 | |
| | 8/5/2003 | 57.07 | | 57.07 | |
| 4b. | 2/8/99 | $ 2,677.13 | | $ 2,677.13 | (Same objections as 4a above) (also appears to includes late payment charges, additional sets, larger labeling, vinyl covers, scanning and providing CD-ROM images) |
| | 6/19/99 | 419.96 | | 419.96 | |
| | 7/12/99 | 390.87 | | 390.87 | |
| | 7/12/99 | 764.22 | | 764.22 | |
| | 7/12/99 | 441.94 | | 441.94 | |
| | 7/12/99 | 287.75 | | 287.75 | |
| | 7/28/99 | 341.73 | | 341.73 | |
| | 7/30/99 | 958.32 | | 958.32 | |
| | 8/9/99 | 1,119.20 | | 1,119.20 | |
| | 8/10/99 | 814.97 | | 814.97 | |
| | 8/17/99 | 540.20 | | 540.20 | |
| | 8/18/99 | 516.94 | | 516.94 | |
| | 8/27/99 | 146.32 | | 146.32 | |
| | 8/31/99 | 237.06 | | 237.06 | |

| Exh. | Date | Asked | Possible | Objected To | Purpose (Objections) |
|---|---|---|---|---|---|
| | 9/15/99 | 3,628.72 | | 3,628.72 | |
| | 9/27/99 | 45.68 | | 45.68 | |
| | 9/29/99 | 668.74 | | 668.74 | |
| | 9/29/99 | 516.19 | | 516.19 | |
| | 9/30/99 | 2,319.77 | | 2,319.77 | |
| | 10/5/99 | 207.57 | | 207.57 | |
| | 10/13/99 | 1,044.31 | | 1,044.31 | |
| | 10/18/99 | 1,298.56 | | 1,298.56 | |
| | 10/18/99 | 45.14 | | 45.14 | |
| | 10/22/99 | 196.92 | | 196.92 | |
| | 10/25/99 | 66.15 | | 66.15 | |
| | 11/17/99 | 223.00 | | 223.00 | |
| | 11/23/99 | 820.38 | | 820.38 | |
| | 12/6/99 | 137.75 | | 137.75 | |
| | 12/6/99 | 328.39 | | 328.39 | |
| | 12/7/99 | 8.03 | | 8.03 | |
| | 12/7/99 | 117.33 | | 117.33 | |
| | 12/7/99 | 552.05 | | 552.05 | |
| | 12/13/99 | 953.86 | | 953.86 | |
| | 12/22/99 | 438.38 | | 438.38 | |
| | 12/22/99 | 239.51 | | 239.51 | |
| | 1/6/00 | 32.66 | | 32.66 | |
| | 1/7/00 | 27.03 | | 27.03 | |
| | 3/6/00 | 79.63 | | 79.63 | |
| | 3/27/00 | 84.35 | | 84.35 | |
| | 3/30/00 | 49.85 | | 49.85 | |
| | 4/11/00 | 36.17 | | 36.17 | |
| | 4/19/00 | 22.08 | | 22.08 | |
| | 4/20/00 | 14.78 | | 14.78 | |
| | 4/20/00 | 74.35 | | 74.35 | |
| | 4/20/00 | 30.28 | | 30.28 | |
| | 4/27/00 | 72.49 | | 72.49 | |
| | 4/27/00 | 28.74 | | 28.74 | |
| | 4/30/00 | 27.37 | | 27.37 | |
| | 5/5/00 | 255.48 | | 255.48 | |
| | 5/8/00 | | | | |

7

1-NY/1957075.2

| Exh. | Date | Asked | Possible | Objected To | Purpose (Objections) |
|---|---|---|---|---|---|
| | 5/9/00 | 63.51 | | 63.51 | |
| | 5/9/00 | 6.79 | | 6.79 | |
| | 5/9/00 | 41.70 | | 41.70 | |
| | 5/10/00 | 40.46 | | 40.46 | |
| | 5/23/00 | 747.66 | | 747.66 | |
| | 5/30/00 | 59.11 | | 59.11 | |
| | 5/31/00 | 25.34 | | 25.34 | |
| | 5/31/00 | 34.06 | | 34.06 | |
| | 6/6/00 | 227.86 | | 227.86 | |
| | 6/7/00 | 233.77 | | 233.77 | |
| | 6/12/00 | 51.44 | | 51.44 | |
| | 6/13/00 | 68.66 | | 68.66 | |
| | 6/14/00 | 150.89 | | 150.89 | |
| | 6/26/00 | 609.57 | | 609.57 | |
| | 6/27/00 | 98.91 | | 98.91 | |
| | 6/27/00 | 50.99 | | 50.99 | |
| | 6/30/00 | 23.23 | | 23.23 | |
| | 6/30/00 | 26.43 | | 26.43 | |
| | 7/6/00 | 21.65 | | 21.65 | |
| | 7/6/00 | 322.73 | | 322.73 | |
| | 7/27/00 | 82.73 | | 82.73 | |
| | 7/27/00 | 357.00 | | 357.00 | |
| | 7/31/00 | 386.83 | | 386.83 | |
| | 7/31/00 | 40.57 | | 40.57 | |
| | 8/23/00 | 35.30 | | 35.30 | |
| | 8/23/00 | 94.21 | | 94.21 | |
| | 8/23/00 | 2.69 | | 2.69 | |
| | 8/24/00 | 393.09 | | 393.09 | |
| | 8/29/00 | 19.93 | | 19.93 | |
| | 8/30/00 | 13.19 | | 13.19 | |
| | 8/31/00 | 47.78 | | 47.78 | |
| | 9/11/00 | 504.44 | | 504.44 | |
| | 9/12/00 | 35.44 | | 35.44 | |
| | 9/13/00 | 273.17 | | 273.17 | |
| | 9/14/00 | 322.73 | | 322.73 | |

| Exh. | Date | Asked | Possible | Objected To | Purpose (Objections) |
|---|---|---|---|---|---|
| | 9/14/00 | 596.33 | | 596.33 | |
| | 9/14/00 | 443.76 | | 443.76 | |
| | 9/18/00 | 92.45 | | 92.45 | |
| | 9/18/00 | 138.44 | | 138.44 | |
| | 9/18/00 | 549.09 | | 549.09 | |
| | 9/18/00 | 10.77 | | 10.77 | |
| | 9/19/00 | 68.08 | | 68.08 | |
| | 9/30/00 | 55.62 | | 55.62 | |
| | 10/31/00 | 57.17 | | 57.17 | |
| | 11/14/00 | 213.15 | | 213.15 | |
| | 11/30/00 | 57.17 | | 57.17 | |
| | 12/6/00 | 48.70 | | 48.70 | |
| | 12/8/00 | 58.31 | | 58.31 | |
| | 12/14/00 | 486.51 | | 486.51 | |
| | 12/31/00 | 58.89 | | 58.89 | |
| | 1/31/01 | 59.77 | | 59.77 | |
| | 7/3/01 | 19.35 | | 19.35 | |
| | 7/6/01 | 20.98 | | 20.98 | |
| | 7/13/01 | 70.35 | | 70.35 | |
| | 7/13/01 | 58.97 | | 58.97 | |
| | 7/31/01 | 101.95 | | 101.95 | |
| | 8/3/01 | 44.40 | | 44.40 | |
| | 8/7/01 | 188.86 | | 188.86 | |
| | 8/9/01 | 424.15 | | 424.15 | |
| | 8/10/01 | 183.76 | | 183.76 | |
| | 8/15/01 | 76.56 | | 76.56 | |
| | 8/23/01 | 70.95 | | 70.95 | |
| | 8/30/01 | 204.68 | | 204.68 | |
| | 8/30/01 | 97.83 | | 97.83 | |
| | 11/05/01 | 52.57 | | 52.57 | |
| | 12/07/01 | 69.23 | | 69.23 | |
| | 1/9/02 | 186.41 | | 186.41 | |
| | 12/17/02 | 882.54 | | 882.54 | |
| | 12/20/02 | 379.31 | | 379.31 | |
| | 12/23/02 | 159.00 | | 159.00 | |

| Exh. | Date | Asked | Possible | Objected To | Purpose (Objections) |
|---|---|---|---|---|---|
|  | 12/24/02 | 148.95 |  | 148.95 |  |
|  | 1/7/03 | 75.43 |  | 75.43 |  |
|  | 1/17/03 | 598.96 |  | 598.96 |  |
|  | 2/3/03 | 301.62 |  | 301.62 |  |
|  | 2/4/03 | 442.07 |  | 442.07 |  |
|  | 2/28/03 | 267.00 |  | 267.00 | (not for this case) |
|  | 7/3/03 | 2,268.46 |  | 2,268.46 |  |
|  | 7/7/03 | 1,469.88 |  | 1,469.88 |  |
|  | 7/7/03 | 1,771.32 |  | 1,771.32 |  |
| 5a. | 10/14/99 | $ 690.00 |  | 690.00 | (not used at trial, rush premium, corrections) |
|  | 10/28/99 | 120.00 |  | 120.00 | (not used at trial) |
|  | 10/28/99 | 320.00 |  | 320.00 | (not used at trial) |
|  | 10/28/99 | 50.00 |  | 50.00 | (not used at trial) |
|  | 10/29/99 | 250.00 | 70.00 | 180.00 | (Schaub and Virey depositions not used at trial but Eric) |
|  | 12/8/99 | 100.00 |  | 100.00 | (not used at trial) |
|  | 12/8/99 | 160.00 |  | 160.00 | (not used at trial, corrections) |
|  | 1/26/00 | 285.00 |  | 285.00 | (not used at trial, corrections) |
|  | 3/6/00 | 130.00 |  | 130.00 | (not used at trial, editing, proofreading, rush premiums) |
|  | 3/22/00 | 80.00 |  | 80.00 | (not related to this case Spanish) |
|  | 7/14/00 | 1,030.00 |  | 1,030.00 | (not used at trial)[4] |
|  | 7/27/00 | 70.00 |  | 70.00 | (not used at trial)[3] |
|  | 8/15/00 | 900.00 |  | 900.00 | (not used at trial)[3] |
|  | 8/17/00 | 1,030.00 |  | 1,030.00 | (not used at trial)[3] |
| 5b. | 1/25/02 | $ 2,375.00 |  | 2,375.00 | (not used at trial, convenience of counsel, rush premium) |
|  | 5/13/02 | 2,125.00 |  | 2,125.00 | (not related to this case – Albanian) |
| 6a. | 9/18/01 | $ 12,500.00 |  | 12,500.00 | (office overhead, convenience of counsel) |
|  | 7/14/03 | 5,799.83 |  | 5,799.83 | (office overhead, convenience of counsel, push premium) |
|  | 8/11/03 | 2,165.09 |  | 2,165.09 | (office overhead, convenience of counsel, push premium) |
|  | 8/12/03 | 20,135.65 |  | 20,125.65 | (office overhead, convenience of counsel, push premium) |
| 6b. | 11/30/99 | $ 10.50 |  | 10.50 |  |
|  | 3/31/00 | 18.00 |  | 18.00 | (office overhead, convenience of counsel) |

---

[4] Bicron believes that this relates to depositions in Grenoble at which II-VI did not appear.

1-NY/1957075.2                                10

## CERTIFICATE OF SERVICE

I certify that on October 7th, 2005, I served via the indicated method copies of

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S BILL OF COSTS** upon the following

counsel for II-VI, Incorporated:

### BY FEDERAL EXPRESS:

Stephen Landuyt, Esq.
Law Offices of Stephen Landuyt
1202 Kettner Boulevard, Suite 6200
San Diego, CA 92101

### BY HAND

James R. Hankle, Esq.
Sherrard, German & Kelly, P.C.
28th Floor, Two PNC Plaza
620 Liberty Avenue
Pittsburgh, PA 15222-2602

_____