IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| II-VI, INCORPORATED, <br> A Pennsylvania Corporation, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | Civil Action No. 00-1794 |
| v. | ) <br> ) | Judge William L. Standish |
| SAINT-GOBAIN INDUSTRIAL <br> CERAMICS, INC., a Delaware <br> Corporation, d/b/a/ BICRON, | ) <br> ) <br> ) <br> ) | **RESPONSE TO DEFENDANT'S <br> OBJECTIONS TO PLAINTIFF'S <br> BILL OF COSTS** |
| Defendant. | ) <br> ) | |

**RESPONSE TO DEFENDANT'S OBJECTIONS TO PLAINTIFF'S BILL OF COSTS**

AND NOW, comes Plaintiff, II-VI, Incorporated ("II-VI" or "Plaintiff"), by and through its counsel, James R. Hankle, Esquire and Sherrard, German & Kelly, P.C. and Stephen Landuyt of the Law Offices of Stephen Landuyt, and files the within Response to Defendant's Objections to Plaintiff's Bill of Costs, as follows:

## I. INTRODUCTION

On October 30, 2003, Plaintiff filed its Bill of Costs in the above matter with this Court. On October 7, 2005, Defendant, Saint-Gobain Industrial Ceramics, Inc. d/b/a/ Bicron ("Bicron"), filed objections in which it baldly asserts that "almost all of the costs … should be denied." *See* Def.'s Obj. Bill of Costs at 2. Defendant Bicron takes extreme and wholly erroneous positions in its Objection that ignore the taxation statute, 28 U.S.C. § 1920, which authorizes the Court to tax as costs those items specifically listed. Moreover, Defendant fails to cite even *one case* in support of its contention that Plaintiff should be denied almost all of its costs.

## II.  LEGAL STANDARD

Rule 54(d) of the Federal Rules of Civil Procedure directs that costs, as enumerated in the taxation statute, "*shall* be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d) (emphasis added); 28 U.S.C. § 1920.  It has been recognized by the United States Supreme Court, by the Court of Appeals for the Third Circuit, and district courts within the Third Circuit that the language of Rule 54(d) "creates a heavy presumption in favor of an award of costs, once it has been shown that the costs sought are, at least on their face, arguably of those types of costs listed in the taxation statute." *Get-A-Grip v. Ferolito, voltaggio & Sons*, 2001 WL 1652514 (E.D. Pa. 2001), citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 351-52 (1981); *In re: Paoli Railroad Yard PCB Litigation*, 221 F.30 449, 457 (3d Cir. 2000). Accordingly, it is the losing party's burden to overcome the presumption in favor of costs.  In the instant matter, as discussed below, Defendant has failed to overcome the presumption.[1]

## III.  COSTS RECOVERABLE UNDER 28 U.S.C. § 1920

### A.  Fees for Transcripts

Section 1920(2) allows taxation of costs for "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Despite authority to the contrary, Defendant objects to the taxation of costs for witnesses who did not testify at trial.  The sole basis of its argument, which it asserts without any support whatsoever, is that only those depositions of witnesses who actually testified at trial are compensable in this District.  *See* Def.'s Obj. Bill of Costs at 3.  However, the basis of its argument is patently wrong.  Rather, the proper inquiry is whether, under the facts known at the time the depositions were taken, the preparation was necessary for use in the case.  *See Planned*

---

[1] It is conceded that *pro hac vice* fees for admission to this Court for out-of-state counsel are not recoverable.

*Parenthood v. Attorney Gen. of New Jersey*, 297 F.3d 253, 270-71 (3d Cir. 2002) (Becker, J.) (finding that depositions were necessary since they could not have known that the expert witness would not testify); *see also Smith v. Crown Equip. Corp.*, 2000 WL 62314 at *3 (E.D. Pa. 2000) ("It is sufficient that the depositions appear reasonable necessary to the parties in light of the particular situation existing at the time they were taken.  This rule applies even though the deposition taken may not have been used at trial.").  Instantly, transcripts of the depositions were necessary for this case based on the fact that many of the witnesses resided out of state and overseas; they were necessary to prepare witness for trial and to prepare counsel for cross-examination, impeachment and rebuttal, and many of the transcripts were used at other stages of the litigation such as defeating Defendant's Motion for Summary Judgment.  *See Fitchett v. Stroehmann Bakeries, Inc.*, 1996 WL 47977 at *4 (E.D. Pa. 1996) ("Depositions used in support of a motion for summary judgment are necessarily obtained for use in a case.").

Accordingly, as Defendant has failed to satisfy its burden to rebut the presumption that II-VI is entitled to such costs, taxation of costs associated with deposition transcripts is appropriate.

Defendant also objects to the taxation of costs for transcripts of the hearings on Bicron's motions *in limine* on the basis that II-VI lost those motions and two of its expert witnesses were excluded and the District Court rejected Plaintiff's definition of the trade secret.  Defendant also relies on the Third Circuit's denial of II-VI's appeal on these issues as support.  *See* Def.'s Obj. Bill of Costs at 5.  Again, Defendant provides absolutely no authority for its contention, thereby failing to demonstrate that pre-trial transcription costs were not reasonably necessary.  The fact that the transcripts were used for purposes of appeal makes it clear that they were necessarily obtained for use in the case.  The fact that II-VI did not prevail on appeal is of no import and

Defendant has not provided any support to the contrary. Accordingly, taxation of costs associated with transcripts for pretrial hearings is appropriate.

Defendant also objects to the taxation of costs for trial transcripts on the basis that they were not court-ordered. Defendant objects further to costs for same day copies of transcripts and for extra copies and ASCII disks on the basis that they were for the convenience of counsel. However, all of these costs were absolutely necessary for use in the trial for such critical events as cross-examination and closing arguments, as well for post-trial motions, *and* for appeal purposes. II-VI is in the business of manufacturing materials that are used in industrial and defense related applications, one of which is crystal-growing technology. This complex case involved Bicron's misuse of II-VI's trade secrets in growing Cadmium Zinc Telluride (CdZnTe or CZT) crystals that function as nuclear radiation detectors using a crystal growth method known as the vertical high pressure Bridgman method. The jury's determination rested in large part on expert testimony to explain and clarify the complicated science behind the crystal-growing technology and processes at issue. In addition, the trial lasted nearly two months. In such cases, costs associated with trial transcripts are proper. *See Farley v. Cessna Aircraft Co.*, 1997 WL 537406 at *3 (E.D. Pa. 1997) ("The costs of expedited transcripts have been taxed in cases involving complex issues or when a trial extends over a long period of time.") (citation omitted). Thus, it is clear that the costs associated with the trial transcripts were not merely for the convenience of counsel, but were necessary for the case. Moreover, in its objections, Bicron fails to acknowledge that it also ordered same day transcripts of the trial, and in fact, split the costs with Plaintiff. Plaintiff is asking only for its share of those costs to which it is presumptively entitled as the prevailing party.

Accordingly, taxation of costs associated with the trial transcripts is appropriate.

B.     **Fees for Witnesses**

Section 1920(3) allows for the taxation of "fees and disbursements for printing and witnesses." 28 U.S.C. § 1920(3). Defendant objects to the travel and living expenses for Cary Mack and Kelvin Lynn. *See* Def.'s Obj. Bill of Costs at 6. It asserts that Dr. Lynn did not use the "most economical airfare" and that it "believes" that the GSA per diem allowance should be used because it is "fair." Defendant objects further to Cary Mack's first class ticket. Again, Defendant provides no authority for its arguments. With respect to Dr. Lynn, it was necessary to accommodate his schedule as he is a professor and had to fly back to Spokane, Washington to tend to professional business. With respect to Cary Mack, it is conceded that first class is not ordinarily the most economical. However, Mr. Mack was Plaintiff's *only* rebuttal witness and he had to be flown to Pittsburgh overnight on an emergency basis with less than 24-hour's notice, which necessitated the first class ticket. As these costs were incurred in association with their testimony as experts, they are recoverable under the taxation statute.

C.     **Document Copying**

Section 1920(4) authorizes the Court to tax as costs "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Defendant objects to the copying costs on the basis that "[i]t is well established in this district that only copies of documents actually introduced at trial or requested by the Court are compensable." Again, it has failed to provide any support for this "well-established" rule. However, the proper inquiry is whether the copies were necessarily obtained for use in the case, not whether they were used at trial. *See e.g., Schering Corp. v. Amgen, Inc.*, 198 F.R.D. 422, 428 (D.Del. 2001), citing, *State of Illinois v. Sangamo Constr. Co.,* 657 F.2d 855, 867 (7th Cir. 1981) (affirming

district court's award of costs for copying pleadings, correspondence, and discovery documents produced to opposing party). The copying costs include not only those that were used at trial, but also include costs incurred for discovery requests, pleadings and documents attached to pleadings as well as for use in depositions throughout the case. Defendant has not adduced any evidence to rebut the presumption that Plaintiff, as a prevailing party, should not recover these costs as unnecessary. As such, II-VI is entitled to costs associated with document reproduction.

### D. Interpretation Costs and Services

Section 1920(6) allows for the taxation of compensation to interpreters. Additionally, translation of documents is allowed under this section if it is necessarily incurred. *See BDT Products, Inc. v. Lexmark Intern., Inc.*, 405 F3d 415, 419 (6th Cir. 2005) (translation services fit under the statute); *Oetiker v. Jurid Werke, GmbH*, 104 F.R.D. 389, 393 (D.D.C.1982) (holding that the court does have the power to tax costs of translation of foreign documents as long as they were necessary for proper determination of issues presented and of material aid to the court in resolving disputed issues of fact); *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 133 (5th Cir. 1983) (vacating and remanding district court's denial of translation costs); *Quy v. Air Am., Inc.*, 667 F.2d 1059, 1065-66 (D.C.Cir.1981) (finding that translation services fall within the meaning of "interpreters").

Instantly, Defendant argues that the costs should be denied because they are "inflated." *See* Def.'s Obj. Bill of Costs at 7. However, Defendant fails to offer any support for this contention and in so doing, misconstrues the facts. Bicron is wholly-owned by a French conglomerate. Bicron's misappropriation of II-VI's trade secret involved Bicron-related personnel in France, numerous meetings in France, and extensive activities in France. Hence, the depositions of party and non-party witnesses in France were a necessity.

Actual depositions were scheduled and taken by II-VI of Bicron-related employees and consultants in Marseilles. These were normal-style depositions taken by II-VI which took a number of days to complete. Additionally, II-VI scheduled the examination of a number of non-party witnesses before a Magistrate in Grenoble, France. Those examinations were scheduled by the Magistrate to take only a part of one afternoon. Marseilles is on the Mediterranean Sea and Grenoble is in the Alps. Bicron makes statements about the Magistrate's examination, which it erroneously refers to as "depositions," that are misleading and incomplete. The fact is that the examinations by the Magistrate in Grenoble were conducted and completed as scheduled. These examinations were not depositions as we know of them in the United States. They were instead conducted completely by the French Magistrate under the Hague Convention. The persons examined were French citizens who were not parties to the lawsuit. No one other than the Magistrate was permitted to examine them. In fact, II-VI submitted written questions to the Magistrate to ask the witnesses, but the Magistrate refused to even ask the written questions submitted by the parties. Because the Magistrate conducted the proceedings, declined to permit examination by counsel, and refused to ask questions submitted by counsel in writing, the presence of counsel at the examinations was completely irrelevant and did not prevent the examinations from being conducted and completed.

Bicron states that II-VI did not attend the Grenoble examinations, suggesting that II-VI simply chose not to participate in the examinations. That is utterly false. Counsel for II-VI traveled to Grenoble by train to attend the examinations. Unfortunately, arrival in Grenoble was delayed by an unforeseen problem encountered while enroute. II-VI's counsel advised the Magistrate of the problem by phone and requested a short continuance until later that afternoon. However, the Magistrate declined to continue the examinations, which went forward as

7

scheduled. II-VI's counsel did appear in court later that same day. Court personnel informed counsel that the examinations had already been conducted and completed. Importantly, counsel's absence did not in any way affect the proceedings and the costs associated with those proceedings should be taxed as they are allowed under the statute.

### E. Offsets

Defendant asserts that it should be entitled to an offset of certain costs that it contends were unnecessary. It is absurd that it would even submit to the Court, as the losing party, that it is entitled to any costs. It has provided no authority or support whatsoever for the proposition that a setoff is allowable or proper. The Federal Rules of Civil Procedure and the taxation statute are clear and provide for no offset of a losing party's expenses when taxing costs for the prevailing party.

### IV. CONCLUSION

Based on the foregoing, it is respectfully requested that Plaintiff be awarded the costs to which it is presumptively entitled as the prevailing party in this matter.

Respectfully submitted,

SHERRARD, GERMAN & KELLY, P.C.

/s/ James R. Hankle
James R. Hankle, Esquire
PA I.D. No. 36019
Jennifer R. Andrade, Esquire
PA I.D. No. 94685
Attorneys for Plaintiff
28th Floor, Two PNC Plaza
620 Liberty Avenue
Pittsburgh, PA 15222-2602
(412) 355-0200

Stephen Landuyt, Esquire
CA  SBN 084423
Attorney for Plaintiff
LAW OFFICES OF STEPHEN LANDUYT
1202 Kettner Boulevard, Suite 6200
San Diego, CA 92101
(619) 230-8400

## CERTIFICATE OF SERVICE

I, hereby certify that a true and correct copy of the foregoing Response to Defendant's Objections to Plaintiff's Bill of Costs was served this 19th day of October, 2005, via Electronic filing addressed to the following counsel of record:

Edward M. Reisner, Esquire
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, NY  10178-0060

/s/ James R. Hankle
James R. Hankle, Esquire
Jennifer R. Andrade, Esquire
Stephen Landuyt, Esquire