IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| II-VI, INCORPORATED,<br>a Pennsylvania Corporation, | )<br>)<br>) | Civil Action No. 00-1794<br>Related to CA 98-1297<br>JUDGE STANDISH |
| Plaintiff, | )<br>) | MAGISTRATE JUDGE MITCHELL |
| vs. | )<br>) | |
| SAINT-GOBAIN INDUSTRIAL<br>CERAMICS, INC.,<br>a Delaware Corporation, dba BICRON, | )<br>)<br>)<br>) | **DEFENDANT'S REPLY TO<br>PLAINTIFF'S RESPONSE TO<br>DEFENDANT'S OBJECTIONS TO<br>PLAINTIFF'S BILL OF COSTS** |
| Defendant. | ) | |

Surprisingly (or perhaps not), plaintiff's Response to Defendant's Objections To Plaintiff's Bill of Costs continues to ignore that this Court has established rules governing what costs are taxable and what costs are not. Instead of referring to this Court's rules, plaintiff cites a host of decisions concerning allowable costs in districts other than the Western District of Pennsylvania. Plaintiff chastises defendant for failing to burden the clerk with irrelevant legal authority, ignoring the fact that "the Clerk of Court's role in taxing costs, while quasi-judicial, is essentially ministerial." *In Re Paoli Railroad Yard PCD Litigation*, 221 F.3d 449, 461 (3d Cir. 2000).

It is not the Clerk's duty to weigh competing legal theories as to what costs are allowable. Rather, it is his job to apply the well-established rules in this district for what costs are allowable to the evidence presented by the prevailing party in support of its cost application. Plaintiff repeatedly asserts that there is a presumption in favor of the award of costs to the prevailing party. That is a correct statement and defendant has not objected to the costs that it believes may be allowable under the local rules. Plaintiff errs, however, in assuming that the presumption of its entitlement to an award of certain costs relieves it of the burden of proving that the costs

1-NY/1963388.1

requested were "necessarily incurred" in the action. It is this failure of proof that warrants the denial of most of plaintiff's requested costs, some of which might have been allowable had they been supported by adequate explanation and evidence of necessity.

I. **TRIAL TRANSCRIPTS**

In this district,

> Fees for trial transcripts are generally not taxed unless they were requested by the Court or were needed for an appeal. When allowed, only the costs of the original is usually permitted. Expedited copies or daily copies are not taxed unless requested by the Court.

The Court did not request copies of the trial transcript. Plaintiff argues that all of its costs for trial transcripts, including extra copies and daily transcription were "absolutely necessary for use in the trial for such critical events as cross-examination and closing arguments, as well as for post-trial motions, and for appeal purposes." Plaintiff's counsel's unsupported arguments are not evidence and provide no basis for the Clerk to determine that any specific costs necessarily were incurred.

The trial in this matter commenced on July 10, 2003 and included 19 days of witness testimony spread over the ensuing four weeks ending on Friday, August 8.[1] The first 14 of those days were occupied by the testimony of plaintiff's own witnesses. Defendant presented its case in five days. Three attorneys for plaintiff and its corporate representative took detailed notes throughout the trial. While defendant's counsel ordered daily transcript and split the costs of the expedited transcripts with the plaintiff, that was for the convenience of counsel rather than any great necessity. Additionally, plaintiff has not explained why it should be granted clearly

---

[1] Plaintiff's statement that the trial lasted two months is incorrect and exemplifies the inaccurate and hyperbolic overreaching that characterizes its entire application for costs.

2

1-NY/1963388.1

unallowable costs such as those for extra copies, ASCII disks, etc., shown on its attached invoices.

Plaintiff complains that Bicron objects to awarding it costs for daily copy transcripts of pre-trial hearings on Bicron's motions *in limine*. Pre-trial hearings are, by definition, not trial transcripts. II-VI argues that the transcripts were needed for its appeal. II-VI does not address the fact that it lost on all of the issues raised by Bicron in its pre-trial motions and, therefore, as the losing party, is not entitled to fees for those transcripts. That it used those transcripts in its unsuccessful attempt to reverse the Court's rulings granting Bicron's motions *in limine* does not entitle II-VI to costs incurred on issues in which it was not the prevailing party. And, of course, II-VI offers no justification why the local rules governing extra copies and daily copy, ASCII disks etc. should be ignored in this instance either.

## II.  DEPOSITION TRANSCRIPTS

In this district:

> Witness fees are for those witnesses who actually appeared and testified. Expert witness fees are not taxed unless permitted by the court. Expert fees are generally taxed at the same rate and mileage as a regular witness.

Unlike most of its other cost requests, II-VI has offered actual evidence to support its requests for witness fees for witnesses who testified at trial. Bicron's objections regarding witness costs relate to the adequacy of the documentation and the necessity for some of the travel expenses, such as the first class airfare for Mr. Mack.

## III.  PRINTING AND COPYING

In this district: "fees for printing and exemplification of copies generally are not taxable unless offered into evidence." Defendant has objected to the entirety of those costs because of

3

the total absence of any identification of what documents were being copied.[2] Although plaintiff might have been entitled to copying costs for copies of documents introduced into evidence, because it has made no attempt to identify those documents, there is simply no basis to award any of its requested costs for copying.

## IV. DEPOSITION TRANSCRIPTS

In this district:

> Taxable depositions would be depositions read into the record,
> used for cross-examination or in support of dispositive motions.
> Discovery depositions taken just for discovery are not taxable.

Defendant has not objected to paying costs for one copy of an unexpedited transcript of depositions that the trial transcripts shows had portions read into the record at trial, or for those of witnesses who testified at trial.[3] Plaintiff does not identify any specific depositions that it claims were necessarily obtained for use in any dispositive motions. Plaintiff also does not explain why the depositions of all those witnesses whose testimony was not used at trial should not be considered merely "depositions taken just for discovery."

## V. TRANSLATION COSTS

Plaintiff argues that all of its translation and interpreter costs were necessary with regard to the depositions of witnesses taken in France. Plaintiff ignores that none of those depositions (with the possible exception of the deposition of Eric DuLoisy who testified on behalf of defendant at trial) were read into the record or used in any way at trial or in support of any

---

[2] Defendant also objects because it cannot tell how many copies of any particular document were made and also because of the numerous unauthorized charges mixed in with the copying costs such as digital scanning, rush charges, tabbing, binding, etc.

[3] It is questionable whether plaintiff should be reimbursed for any costs of depositions taken of its own witnesses who testified at trial as those were neither read into the record nor used by plaintiff for cross-examination. If the Clerk determines such costs not to be allowable, then no costs should be awarded for the deposition transcripts of Messrs. Johnson, Eissler, Glick, Mack or Lynn.

4

dispositive motion. Plaintiff argues that failure of its attorneys to attend the depositions should be excused because attendance of counsel was irrelevant as the French Magistrate asked all of the questions. Plaintiff ignores that the Magistrate invited counsel to ask questions but defendant's counsel chose not to do so in order to avoid obtaining an unfair (and possibly appealable) advantage over plaintiff, whose counsel had carelessly failed to take the correct train to arrive at the hearing on time.

Plaintiff also complains that, while the hearing was taking place, it faxed 17 pages of questions to the Court, which refused to consider such belated and improper submissions. Given that the depositions produced no information used by either side in a motion or at trial, however, plaintiff has failed to explain why, under the local rules, it should be compensated for the translation services.[4]

## CONCLUSION

For the above-stated reasons and as explained more fully in Defendant's Objections To Plaintiff's Bill of Costs, most of the costs applied for by plaintiff should be denied.

Dated: October 21, 2005

Respectfully submitted,

Edward M. Reisner
Morgan, Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178
Tel.: (212) 309-2135
Fax: (212) 309-6273
Email: ereisner@morganlewis.com

Attorneys for Defendant
Saint-Gobain Industrial
Ceramics, Inc.

---

[4] Plaintiff also fails to explain why defendant should pay for multiple translations of discovery requests that had to be redone because they had been incorrectly prepared by plaintiff's counsel in the first instance or why defendant should pay for the expedited services necessitated by plaintiff's own delay in seeking to obtain the discovery.

## CERTIFICATE OF SERVICE

I certify that on October 21, 2005, I served via the indicated method copies of **DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO PLAINTIFF'S BILL OF COSTS** upon the following counsel for II-VI, Incorporated:

### BY FEDERAL EXPRESS:

Stephen Landuyt, Esq.
Law Offices of Stephen Landuyt
1202 Kettner Boulevard, Suite 6200
San Diego, CA 92101

### BY HAND

James R. Hankle, Esq.
Sherrard, German & Kelly, P.C.
28th Floor, Two PNC Plaza
620 Liberty Avenue
Pittsburgh, PA 15222-2602

l-NY/1963388.1