IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| II-VI, INCORPORATED, <br> Plaintiff | ) <br> ) <br> ) |
| v. | )    Civil Action No. 00-1794 <br> ) |
| SAINT-GOBAIN INDUSTRIAL <br> CERAMICS, INC. d/b/a BICRON, <br> Defendant | ) <br> ) <br> ) |

## TAXATION OF COSTS

On August 15, 2003, following a jury trial, judgment was entered in favor of the plainitff and against the defendant. A verified Bill of Costs was filed by the plaintiff in the amount of $236,167.99 and taxing was deferred pending an appeal which has affirmed the district court. Objections and responses to the bill of costs have been filed by the parties.

After consideration of the Bill of Costs, the objections and responses thereto, and a review of the record, the Clerk makes the following findings beginning with the plaintiff is the recovering party and is entitled to costs. Each of the other findings will be detailed by section of the bill of costs filed.

**1a.** The pro hac vice fee in the amount of **$40.00** is proper and taxable as a fee of the clerk pursuant to 28 U.S.C. §1920(1).

**1b.** Only the filing fee and pro hac vice application fee are taxable for a total of **$170.00** pursuant to 28 U.S.C. §1920(1). All Janney & Janney Attorney Services fees are denied since they are not taxable and appear to be messenger services for counsel.

**2a.** The following fees for transcripts will be allowed since they are supported with the proper invoices and documentation and they all testified at trial, (which is generally the basis for taxing this item in this district), or there was no objection. The totals include all volumes of depositions included on different invoices: $635.40 for Elgin Eissler; $825.60 for Bruce Glick; $397.80 for Scott Cameron; $633.60 for Carl Johnson; $1,562.85 for Volker Ulbrich (court reporter attendance fees are taxable); $351.00 for Kelvin Lynn; $179.40 for Cary Mack and $92.90 for Terry Musika for a total of **$4,678.55**.

The **trial transcript** in this case was more than a convenience and was necessary to counsel's effective performance in this complex and lengthy trial and will be taxed. See, e.g., Phillips v. Cameron Tool Corp., 131 F.R.D. 151, 153-54 (S.D. Ind. 1990) which has been cited by members of this court in the past. However, only the original and first copy is taxable, since each side shared the costs. Therefore all invoices from court reporter, Sandra Wenger, labeled as Partial Trial or Trial, will be taxed for a total of **$12,104.40.**

All fees for ASCII disk and compressed transcripts are disallowed since they are considered a convenience to counsel. In addition the scheduling fee for the depositions in Marseille are also denied since there is no basis under 28 U.S.C. §1920 for this fee as well as a cancelled deposition fee for Chris Bickel.

The deposition transcripts for John T. Crowe, Kevin Parnham, Csaba Szeles, Jukka-Pekka Sarkka and Mark Gleason are disallowed since they did not testify at trial and no reference or supporting documentation was in the bill of costs that they were used in support of any motion for summary judgment.

The other pre-trial transcripts are disallowed since they were not requested by the court. While trial transcripts are generally taxed when needed for an appeal, pre-trial transcripts are not unless directed by the court.

**2b.** The following fees for transcripts (including court reporter attendance fees) will be allowed since they are supported with the proper invoices and documentation and they all testified at trial: $6,160.40 for Michael Mayhugh; $4,797.00 for E. Raiskin; $864.00 for Philip Corvo; $763.20 for Erik Duloisy; $1,936.40 for Boris Apotovsky; $1,306.40 for Kelvin Lynn; $1,103.85 for Cary P. Mack; $5,468.35 for Jack Butler and $3,294.15 for Terry Musika for a total of **$25,693.75.**

The deposition transcripts for Henry Chen, Robert Schreiner, Csaba Rozsa, Carr Lane Quackenbush, Patrick Doty, Alan Rybicki, N. Coleman Owen, David J. Larson, Jr. and Christopher Bickel are disallowed since they did not testify at trial and no reference or supporting documentation was in the bill of costs that they were used in support of any motion for summary judgment.

The deposition commission fee paid to the United States Treasury is denied since there is no basis under 28 U.S.C. §1920 for this fee as well as conference room rental charges.

The reporter's transcript fees for trials held in California are denied since the Clerk cannot determine the purpose of the transcripts and no mention is made of their introduction into evidence.

The videotape depositions of Emmanuil Raiskin and Jack Butler are disallowed since the deposition transcripts were taxed, and they were both available and testified at the trial.

**3a.** The witness fees for Kelvin Lynn and Carey P. Mack are proper and allowed since both testified at trial and will be taxed in the amounts of $120.00 and $80.00 respectively. Their travel and

accommodations are also taxable and will be taxed in their full amounts of $7,649.31 for Lynn and $3,297.72 for Mack pursuant to 28 U.S.C. §1920(3) and §1821 in consideration of Dr. Lynn's schedule and the short notice within which to have Mr. Mack return to Pittsburgh. The defendant makes a legitimate argument pursuant to 28 U.S.C. §1821(c)(1) to substitute a lower airfare, but that would be a decision upon review by the Court, not the Clerk. Total witness fees and travel are taxed in the amount of **$11,147.03.**

 **3b.** The witness fees for Emmanuil Raiskin and Boris Apotovsky are proper and allowed since both either testified at trial or their deposition was introduced into the record and will be taxed in the amounts of $185.10 and $100.34 respectively. The witness fee for Carr Lane Quackenbush will be disallowed since the witness did not testify at trial and no reference is made in the bill of costs that it was used in support of a motion for summary judgment. Total witness fees are taxed in the amount of **$285.44.**

 **4a & 4b.** All photocopy and exhibit fees are disallowed, as in this district, they are considered normal office expense and part of the costs of litigating. See Krouse v. American Sterilizer Company, 928 F.Supp. 543 (W.D. Pa. 1996) and prior court approval is required for any exhibit costs. However, the cost for obtaining records from the California Archives Foundation is from a third party and will be taxed in the amount of **$60.25.**

 **5a. & 5b.** The International Document Services fee appear to be proper and allowable costs pursuant to 28 U.S.C. §1920(6) and are supported by appropriate invoices and will be taxed in the reduced amount of **$7,460.00.** It cannot be determined the cost difference between rush and non-rush costs, but every invoice did not include this language. The reduction applies to the defendant's objections to the Spanish and Albanian documents. Plaintiff's response did not address this objection and therefore can be reviewed by the Court if the translations were in fact necessary to the case.

 **6a & 6b.** The trial costs are disallowed since these costs are not taxable pursuant to 28 U.S.C. §1920 or would acquire approval by the Court.

 Therefore, costs are taxed this 9th day of January, 2006 in the amount of **$61,639.42** in favor of the plaintiff, II-VI, Inc. and against the defendant, Saint-Gobain Industrial Ceramics, Inc. d/b/a Bicron, and are included in the judgment.

 You are advised that any determination of costs by the clerk may be reviewed by the court upon motion served within five days thereafter, under Rule 54(d) of the Federal Rules of Civil Procedure.

                 */s/ R.V. Barth, Jr.*
                 Robert V. Barth, Jr.
                 Clerk of Court

cc: counsel